No. 25,263.

F. S. ROCKEFELLER, *Appellee*, v. J. C. HOLLENBECK et al., *Appellants*.

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Land—Contract Partly Oral—Partly Written—Erroneous Instruction to Jury.* In an action to foreclose a contract for the sale of land, where it was alleged by plaintiff that the contract was partly oral and partly written and evidence introduced to support such allegations and where the defendants admitted that the writing was not the entire contract, it was error for the court, under the facts stated in the opinion, to instruct the jury that the writing was presumed to contain the contract between the parties.

Appeal from Ellsworth district court; DALLAS GROVER, judge. Opinion filed May 10, 1922. Reversed.

*F. L. Martin,* of Hutchinson, *Jerry E. Driscoll,* and *Arch L. Taylor,* both of Russell, for the appellants.

*Oscar Ostrum,* and *M. J. Gernon,* both of Russell, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to foreclose a contract for the sale of land. Plaintiff prevailed and defendants appeal.

Plaintiff's petition, among other things, alleged that plaintiff and defendants entered into a contract whereby plaintiff agreed to sell and the defendants agreed to purchase plaintiff's Russell county ranch of about 4,560 acres at $36 per acre; also certain live stock and other personal property, etc.; that "it was further agreed that upon payment of said initial sum of $35,000 a bond for deed, with the usual covenants, should be executed between said parties and embodying the terms of their agreement as to deferred payments, delivery of deed, and all other details of such transaction . . . A memorandum, showing a part of the terms of said agreement was duly executed by said parties and is hereto attached, marked exhibit 'A,' and made a part hereof." Exhibit "A" reads:

"Russell, Kansas, November 6th, 1919.

"This agreement made and entered into this 6th day of November, 1919, by and between F. S. Rockefeller of Russell county, Kansas, party of the first part, and J. C. Hollenbeck, C. P. Hollenbeck, and A. H. Hollenbeck of Ness county, Kansas, parties of the second part.

"Witnesseth, That the said party of the first part hereby agrees to sell his ranch of 4650 acres more or less the exact number of acres to be determined later, for the sum of $36.00 per acre, about 181 head of heifers and steers

$75.00 per head for the steers and $70.00 per head for the heifers, 230 cows for $100.00 per head, said party of the first part as a part of the consideration of the above payments is to give ⅔ of all feed raised on said ranch except feed raised by Brown on Section 17, which party of the first part reserves for his own use, being $2,000.00 worth of feed which party of the second part receives.

"To secure the payment of the above amounts parties of the second part are to transfer to party of the first part nine dwellings, in Kansas City, Kansas, and four dwellings in Kansas City, Mo., and 1178 front feet in Tennyson Heights, Kansas City, Kansas.

"Parties of the second part are to pay party of the first part 5½% interest on the amount unpaid on this contract, and to pay 5% of the principal, on the 10th day of November, 1920, and annually thereafter, time to be the essence of this contract. Payment of interest and 5% of principal to be made on each 10th of November, until said amounts as above set forth and interest thereon fully paid.

"In Witness Whereof, said parties have hereunto set their hands and seals this 6th day of November, 1919."

The answer of the defendants admitted signing of the writing set out, but alleged, substantially, that the contract for the sale and purchase of the ranch was never completed; that all the terms were never agreed upon; that the writing set out was signed merely as an evidence of good faith; that it was incomplete; that the plaintiff was to prepare a completed contract covering all of the agreements between the parties to be signed in the future; that for the purpose of taking care of the personal property pending the preparation of the permanent contract, the defendants tooks possession of the ranch and personal property thereon; that subsequently, believing plaintiff would provide the permanent contract, the defendant J. C. Hollenbeck and wife signed certain notes and chattel mortgage.

Trial was to a jury. The evidence, among other things, showed that the parties met at plaintiff's ranch at Russell, Kansas, November 5, 1919; that negotiations were commenced and defendants spent several hours looking over the ranch; that the negotiations continued until the afternoon of November 6, when the parties executed the writing set out; that one of the defendants went to the ranch three days thereafter, the others in a short time; that they moved there from Ness City about Christmas following, since which time the defendant J. C. Hollenbeck has had possession of the ranch and resided there; that within due time after the execution of the written contract, the defendants conveyed to the plaintiff certain property in Kansas City, Kansas, and Kansas City, Mis-

souri; that there was other personal property on the ranch consisting of horses, machinery and harness, which was not included in the contract, which the defendants had the option of buying; that afterwards a chattel mortgage for $42,245 was executed by J. C. Hollenbeck and his wife covering the cattle mentioned in the written contract and the other personal property on the ranch.

The principal contention of the defendants is that an erroneous result was reached by the jury in consequence of misdirection by the court.

The controversy turns upon the question whether the writing signed by the plaintiffs on November 6, 1919, embodied the entire agreement between the parties or not. As heretofore stated, the petition alleged that the memorandum showed a part of the terms of the agreement only. The answer admitted practically the same. The plaintiff testified that he talked with the defendants about a bond for deed and about a permanent contract; that he agreed to give them a permanent contract when they paid $35,000; that this conversation occurred in Mr. Gernon's office with all the defendants. On their part all of the defendants testified to practically the same thing, except the record does not show that they admitted that there was to be an initial payment of $35,000.

Complaint is made especially of instructions 14 and 21, which read:

"14. The jury are instructed that if you find and believe from the evidence that the only contract made between the parties was exhibit 'A' and that after the execution of said contract you find, from the evidence, the defendants entered into the possession of the property in said contract mentioned, the law presumes that they entered into the possession of said property under and by virtue of the terms and provisions of said contract marked exhibit 'A'.

"21. You are instructed that the writing marked exhibit 'A' is presumed to contain the contract made between the parties and the intention of the parties at the time of signing the same, and if you find and believe from the evidence that previous to the execution of the contract marked exhibit 'A' there were other contracts in negotiation and promises made by the parties, all of them are presumed to have been included in said writing marked exhibit 'A,' and that after the parties had embodied what they had agreed upon in said writing they were unable legally to make a new contract orally in reference to the same subject matter which would in any manner contradict, vary or alter or change the terms of said writing."

The jury was asked and answered these questions, among others:

"Q. Did the parties agree upon all the terms of the contract marked exhibit 'A'? A. Yes.

"Q. Did the minds of the parties to the writing of November 6, 1919, meet as to all the conditions, stipulations and details as to the payments and the property involved. A. Yes."

The jury found, also, that before the filing of the petition on March 23, 1921, the plaintiff had received from the defendants $45,458.70. By their general verdict they found also that there was due to the plaintiff $47,300.40.

It is apparent that the plaintiff prevailed upon both theories: That the writing embodied the entire contract and that it did not embody the entire contract. He alleged in his petition, in effect, that the writing was not the entire contract and supported the allegation by his testimony. He was permitted to abandon this theory and recover on the theory that the writing was the entire contract, but, at the same time, he was permitted to recover the alleged initial payment of $35,000 (part of it paid before filing suit and part in the judgment), although it was nowhere mentioned in the written contract. The only theory on which it could have been said that there was an initial payment of $35,000 due was by virtue of an oral contract between the parties. Under the written contract the Kansas City property could not be said to constitute an initial payment because its transfer was to secure the carrying out of the contract. If the written instrument embodied the entire agreement between the parties, the action was prematurely filed. Under the terms of the written contract the first payment was not due until November 10, 1920. The amount of the payment was approximately $20,000. At the time of the filing of the petition on March 23, 1921, the defendants had paid more than twice the amount then due under the terms of the contract. The situation is confused. It is apparent that the court, in its endeavor to state to the jury the theory of both parties, committed error in the instructions. Under the pleadings and testimony, the court was not warranted in instructing the jury that exhibit "A" was "presumed to contain the contract made between the parties." This statement, with others of a similar nature, undoubtedly misled and confused the jury. Under all the circumstances instructions 14 and 21 were not proper. Whether the contract between the parties was partly oral, or whether the writing of November 6 embodied all the matters on which the parties agreed, is a fact to be ascertained on a new trial.

Other questions raised in the briefs need not be discussed.

The judgment is reversed and the cause remanded for further proceedings.